UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


United States of America,                               Case No. 3:18-cr-96

        Plaintiff,

   v.                                                    MEMORANDUM OPINION
                                                                                                 AND ORDER

Larry Singleton,

        Defendant.


Defendant Larry Singleton has filed a second motion to suppress,[1] seeking to exclude evidence obtained during and following his interrogation by agents from the Drug Enforcement Administration ("DEA") on February 13, 2018. (Doc. No. 27). The government opposes this motion. (Doc. No. 29). For the reasons stated below, I deny Singleton's motion.

### I.    BACKGROUND

Singleton was arrested on February 13, 2018, in Toledo, Ohio, after agents with the DEA observed him purchase eight kilograms of cocaine from a confidential source. A trooper with the Ohio State Highway Patrol ("OSHP") read Singleton his *Miranda* rights before transporting Singleton to the OSHP post in Bowling Green, Ohio.

---

[1] Singleton previously filed a motion to suppress evidence obtained pursuant to a traffic stop. (Doc. No. 20). I denied that motion after concluding the government had established probable cause to support the stop. (Doc. No. 26).

The trooper provided Singleton with his *Miranda* warnings at approximately 5:40 p.m., after placing him in the back seat of his patrol vehicle. The video from a camera within the trooper's vehicle shows Singleton nod when the trooper asked if Singleton could hear him, shows Singleton nod after the trooper recited the *Miranda* warnings, and records Singleton verbally acknowledging that he understood those warnings. (Doc. No. 28, cruiser video at 17:40:20 – 17:40:44).

DEA agents began questioning Singleton at 7:25 p.m., at the OSHP post, roughly two hours after the trooper gave Singleton his *Miranda* warnings. The session lasted approximately an hour and a half. During that time, Singleton responded to questions concerning his purchase of the cocaine and gave consent for a search of his house. He subsequently was charged with attempting to possess cocaine with the intent to distribute.

## II. DISCUSSION

Singleton argues his "Miranda warnings [were] given [following] a non-custodial traffic stop [and were not] . . . sufficient to properly advise [him] of his Constitutional rights for interrogation purposes with a different agency, under duress, at a different location than at the time of the traffic stop, and at a time frame that exceeds a reasonable period of time between the time of the stop and the time of interrogation." (Doc. No. 27 at 3-4).

The Sixth Circuit instructs courts to examine the totality of the circumstances surrounding a defendant's incriminating statements, including considering the following factors:

> (1) the time elapsing between arrest and arraignment of the defendant[;] (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession[;] (3) whether or not such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him[;] (4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel; and (5) whether or not such defendant was without the assistance of counsel when questioned and when giving such confession.

*United States v. Weekley*, 130 F.3d 747, 751 (6th Cir. 1997) (quoting 18 U.S.C. § 3501(b)) (alterations in original).

Singleton argues an unreasonable amount of time passed between the time at which he received his *Miranda* warnings and the time at which DEA agents began questioning him. (Doc. No. 27 at 3-4). The passage of time alone, however, generally is not considered sufficient to require law enforcement officers to reiterate a defendant's warnings pursuant to *Miranda*. *Weekley*, 130 F.3d at 751. Further, Singleton points to no evidence that "anything occurred during that period that would have nullified or in any way diminished [his] understanding of the warnings." *United States v. McNeil*, 106 F. App'x 294, 301 (6th Cir. 2004) (upholding the district court's admission of statements the defendant made the day after he last was informed of his *Miranda* rights); *see also Treesh v. Bagley*, 612 F.3d 424, 432 (6th Cir. 2010) (concluding state court did not unreasonably apply federal law when it concluded police officers were not required to re-advise Treesh of his *Miranda* rights after two hours had passed between his arrest and interrogation and he was transported from a jail to a police department in a different jurisdiction).

*United States v. Paulton*, the out-of-circuit case Singleton cites in support of his assertion that his *Miranda* warnings had become stale, is of no help. (Doc. No. 27 at 6). *Paulton* is an Eighth Circuit case involving admissions Paulton made to special agents with the Internal Revenue Service at his place of business. 540 F.2d 886 (8th Cir. 1976). The agents notified Paulton they were investigating his business tax withholding practices, advised him "of certain of his constitutional rights," and, as the agents were leaving, advised him he could consult with an attorney before the agents returned later that day. *Id.* at 889. The court noted Paulton was not entitled to *Miranda* warnings because he was not in custody but that the agents provided those warnings anyway pursuant to IRS policy, and that the agents did not need to provide those warnings again because only a short period of time had passed between the agents' first visit to Paulton's workplace in the morning and their return visit in the middle of the afternoon. *Id.* at 889-90.

By contrast, Singleton was never "free to go" following the traffic stop, when he was placed in the backseat of the trooper's cruiser, and more time passed in *Paulton* than between the time at which Singleton was informed of his *Miranda* rights and his questioning by the DEA agents.

Singleton argues his earlier *Miranda* warnings were no longer valid because the DEA agents "insinuate[d] a threat to his wife's well-being" during the interrogation at the Bowling Green OSHP post. (Doc. No. 27 at 10). The audio recording reveals a different story, however, as one of the DEA agents suggests that Singleton call his wife to explain what was happening when officers arrive at the house to serve the search warrant, and to give her an opportunity to put the dogs in a separate room before officers enter the house. (Doc. No. 28, Special Agent Noel interview at 33:15 – 34:30). The continuation of this line of questioning revolves around the agents' suspicion that Singleton kept drugs at other properties in addition to his home. (Doc. No. 28, Special Agent Noel interview at 39:30 – 44:00). Singleton fails to show the agents' questions were improper or unreasonably coercive. *See Wyrick v. Fields*, 459 U.S. 42, 47 (1982) (rejecting argument that new *Miranda* warnings were required when there was no evidence that there was a "significant change in the character of the interrogation" and the questions asked were "not any more coercive").

Singleton asserts "that at the time of the traffic stop[,] he was overly distraught, was not attentive to . . . what was being said[,] . . . and was only concerned that his vehicle may be searched." (Doc. No. 27 at 5). He implies his *Miranda* warnings were insufficient because the trooper "had to repeatedly ask the Defendant if he had understood said warnings . . . ." (Doc. No. 27 at 10). Singleton, however, does not assert he did not hear the trooper give him those warnings or that he did not voluntarily waive his rights before speaking with the DEA agents. "The crucial inquiry is not whether the defendant knew and understood every possible consequence of a waiver, but, instead, whether he knew that he could choose not to talk to law enforcement officers, to talk only with counsel present, or to discontinue talking at any time." *United States v. Ray*, 803 F.3d 244,

4

266 (6th Cir. 2015) (citations and internal quotation marks omitted).  The circumstances surrounding his interrogation show Singleton understood that choice.

Singleton fails to show his statements were involuntary, and I deny his motion.

### III.  CONCLUSION

For the reasons stated above, Singleton's motion to suppress, (Doc. No. 27), is denied.

So Ordered.


                          s/ Jeffrey J. Helmick
                          United States District Judge